## PROVIDENCE COUNTY.

SARAH J. COREY *et al. vs.* RICHARD W. HOWARD.

When fraud is charged in a bill in equity the facts on which it is predicated must be stated ; general allegations of fraud will not be sufficient.

A married woman is competent to sue alone as complainant in a bill in equity, and her husband is not a necessary party.

BILL IN EQUITY to set aside a release.   Heard on demurrer to the bill.

*February* 8, 1896.   PER CURIAM.   This is a bill to set aside a release given by the complainants to the respondent on the ground of fraud.   It does not aver that the moneys drawn from the savings banks by the respondent were the

property of the intestate, nor that the omission to include these moneys in the inventory was with a fraudulent purpose, nor that the representation that there was no other property than that included in the inventory was false and was made to the complainants or was intended to be communicated to them, nor that they relied on such representation and were induced thereby to give the release. These facts, if facts they are, are not averred, but are left to mere inference. We think the averment of these or similar facts is essential to the maintenance of the bill, since no rule is better established than that when fraud is charged the facts on which it is predicated must be stated, and that general allegations of fraud will not be sufficient. 1 Dan. Ch. Pr.* 324.

Gen. Laws R. I. cap. 194, § 16, provides that: "In all actions, suits and proceedings, whether at law or in equity, by or against a married woman, she shall sue and be sued alone." That is to say, without joining her husband. We are of the opinion, therefore, that it is not necessary to make the husband of the complainant Annie H. Reed a party.

Demurrer sustained.

*Dexter B. Potter, Stephen O. Edwards & Walter F. Angell,* for complainants.